IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAMON FLORES,

                              Petitioner,                              OPINION and ORDER

        v.

WARDEN FCI-FLORENCE,                                                    24-cv-330-jdp

                              Respondent.[1]

---

Ramon Flores, proceeding without counsel, was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, when he filed this petition. Flores seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing in which the Bureau of Prisons stripped him of good-conduct time. I directed the government to respond to the petition, which it has. Flores did not file a reply. After considering the parties' submissions, I will deny Flores's petition.

BACKGROUND

Flores is currently serving a sentence for conspiracy to distribute cocaine. *United States v. Flores*, No. 10-cr-41 (W.D. Ky June 7, 2013). On June 28, 2023, while he was incarcerated at FCI-Fort Dix, Flores struck a correctional officer in the face during a mental health incident. Flores admits that he did this, but he says that it was an accidental response to the officer

---

[1] At the time that Flores filed this petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Flores is now at the Federal Correctional Institution in Florence, Colorado, which is outside this district, but this court retains jurisdiction over the case. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

jumping on his back. Flores was issued an incident report charging him with assaulting an officer and disobeying orders. Dkt. 11-1, at 17. Prison staff did not immediately serve a copy of the incident report on Flores because they referred the matter to law enforcement for potential criminal proceedings. On August 1, 2023, law enforcement declined to prosecute, which released the incident report back to the BOP for administrative processing. *Id.* at 8.

According to BOP records, Flores was served with the incident report on August 2, 2023. *Id.* at 13. Flores disputes this and says that he never received a copy of the incident report. Flores waived an appearance before the Unit Disciplinary Committee related to the incident and the UDC subsequently referred the matter to a disciplinary hearing officer.

A disciplinary hearing was set. Flores signed a form stating that he did not wish to have a staff representative and did not wish to call witnesses. *Id.* at 10–11. The hearing was held on August 15, 2023, before Discipline Hearing Officer K. Hampton. At the outset of the hearing, Hampton advised Flores of his rights and Flores stated that he understood them and then stated, "I am guilty." Dkt. 11, ¶ 12; Dkt. 11-1, at 2. Based on that statement and the reporting officer's incident report, Hampton found Flores guilty of assault and imposed various sanctions, including loss of 27 days of good-time credit. Hampton completed a written disciplinary report, which, according to BOP records, she delivered to Flores on October 5, 2023. Dkt. 11-1, at 1–5. Flores denies receiving a copy of the disciplinary report on that date.

At the end of October 2023, Flores was transferred from FCI-Fort Dix to FCI-Oxford. Several months later, Flores says that he finally received a copy of the disciplinary report, but most of the sections were blank. *Compare* Dkt. 11-1, at 1–5 (BOP's record of the report) *with* Dkt. 1-1 (Flores's record of the report). On February 13, 2024, Flores submitted an administrative appeal of the disciplinary decision to the BOP's Northeastern Regional Office,

which was rejected because Flores had submitted it to the wrong regional office and because it was untimely. Dkt. 12-2, at 6. The rejection notice directed Flores to re-submit his appeal to the correct office with a memorandum from a BOP employee stating that the untimely filing was not Flores's fault. On April 8, 2024, Flores submitted a second appeal to the BOP's North Central Regional Office, but he did not include a memorandum from a BOP employee explaining why the untimely filing was not his fault. The second appeal was also rejected as untimely. *Id.* at 7.

ANALYSIS

Flores brings a due process claim regarding his disciplinary proceeding. Due process protections apply only when a protected liberty or property interest is at stake. *See Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010). Flores has a protected liberty interest in the good-time credits that he earned. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). When a prisoner loses good-time credits, courts have held that a prisoner is entitled to: (1) written notice of the claimed violation at least 24 hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision maker; (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (4) a decision supported by "some evidence." *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974).

Flores contends that he was denied due process protections during his disciplinary proceedings because he did not receive a copy of the incident report prior to the disciplinary hearing and because he did not receive a copy of the disciplinary hearing officer's written report until months later. The government contends that Flores's petition should be denied for two

reasons: (1) Flores didn't exhaust his administrative remedies before filing the petition; and (2) Flores's due process argument fails on the merits. I conclude that Flores's petition fails on the merits, so I will deny it on that basis without considering the exhaustion issue.[2]

Some facts underlying Flores's due process claim are disputed. Flores says that he did not receive the correctional officer's incident report before his disciplinary hearing and did not receive the disciplinary hearing officer's written report until many months later. But according to BOP records, Flores was served with the incident report on August 2, 2023, almost two weeks before his disciplinary hearing, and was provided with the hearing officer's written report on October 5, 2023, the day after the report was issued. Dkt. 11-1. However, the factual dispute is ultimately irrelevant, because even if I accept that Flores did not receive the incident report or the written disciplinary report, Flores cannot show any harm as a result.

The court of appeals has held that a technical violation of a prisoner's due process rights does not merit habeas relief if the violation was harmless; in other words, if the result of the disciplinary proceedings would have been the same without the violation. *Jones*, 637 F.3d at 846–47; *Arce v. Indiana Parole Bd.*, 596 F. App'x 501, 504 (7th Cir. 2015). In this case, Flores was aware of the charges that he was facing before his disciplinary hearing, because he signed a document entitled "Notice of Discipline Hearing" that identified the charges and notified him of his rights during the disciplinary process. Dkt. 11-1, at 10–11. Nevertheless, Flores declined to call any witnesses and affirmatively told the hearing officer, "I am guilty" at the

---

[2] There is a dispute of fact relevant to the exhaustion issue, which is whether Flores received the disciplinary officer's written decision in October 2023. If Flores did not receive the written decision, then his failure to timely exhaust his administrative remedies might be excusable. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). But because Flores's petition fails on the merits, I do not need to resolve this factual dispute.

beginning of his disciplinary hearing. Dkt. 11, ¶ 12. In his petition, Flores doesn't attempt to explain how the outcome of his disciplinary hearing would have been different if he had received the incident report or the written disciplinary decision earlier. And given that Flores expressly admitted guilt during the hearing, I conclude that any due process violation was harmless. I will deny Flores's petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that:

1.  Petitioner Ramon Flores's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2.  The clerk of court is directed to enter judgment for respondent and close this case.

Entered July 8, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge